IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

REGINALD TAYLOR,            §
    Plaintiff,              §
                            §
V.                          §        CIVIL ACTION NO. 4:24-CV-587-P
                            §
FORT WORTH POLICE           §
DEPARTMENT                  §
    Defendant.              §

## FINDING, CONCLUSION, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is *pro se* Plaintiff Reginald Taylor ("Taylor")'s Original Complaint filed June 24, 2024 [doc. 1]. This case was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b). In this case, Plaintiff is proceeding *in forma pauperis* and, as such, his pleadings are subject to preliminary screening pursuant to 28 U.S.C. § 1915(e)(2)(B). This provision provides for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. For the reasons stated herein, the undersigned **RECOMMENDS** that this case be **DISMISSED** *sua sponte* for failure to state a claim upon which relief can be granted.

### I.    LEGAL STANDARD

Federal Rule of Civil Procedure 12 authorizes the court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Courts may dismiss a complaint under Rule 12(b)(6) *sua sponte*. *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1173 (5th Cir. 2006) (citing *Shawnee Int'l, N.V. v. Hondo Drilling Co.*, 742 F.2d 234, 236 (5th Cir. 1984)). When examining the complaint to ascertain whether it presents a claim for which relief

can be granted, courts must constrain their analysis to the pleadings alone. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

"'However inartfully pleaded,' *pro se* complaints must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Whether represented by counsel or appearing *pro se*, plaintiffs must still present specific facts, rather than conclusory allegations, to avoid a Rule 12(b)(6) dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Id.* Although "detailed factual allegations" are not necessary, plaintiffs must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not suffice." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

To satisfy Rule 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing *Twombly*, 550 U.S. at 556). Conversely, a complaint is "frivolous" if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009). A complaint lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 326–27; *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999). A claim lacks an arguable basis in fact "if the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

2

"Generally, a district court errs in dismissing a *pro se* complaint for failure to state a claim without giving the plaintiff an opportunity to amend."[1] *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (per curiam). But if the court finds that a plaintiff has alleged his or her best case, the Court may foreclose the opportunity to amend and dismiss the complaint with prejudice. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999) (quoting *Bazrowx*, 136 F.3d at 1054). Likewise, an opportunity to amend is "unnecessary in cases where the facts alleged are 'fantastic or delusional scenarios' or the legal theory upon which a complaint relies is 'indisputably meritless.'" *Eason v. Thaler*, 14 F.3d 8, 8-9 & n.5 (5th Cir. 1994) (quoting *Neitzke*, 490 U.S. at 327-28). Therefore, the court does not err in dismissing a complaint with prejudice, such that the plaintiff has no opportunity to amend, if the complaint's sole legal basis is "indisputably meritless" or its factual constitution is "fantastic or delusional." *Id.*

## II.   ANALYSIS

The only named Defendant in this case is the Fort Worth Police Department ("FWPD"). (Plaintiff's Original Complaint ("Compl.") at 1–3). Taylor—appearing to subscribe to the "sovereign citizen" ideology—alleges that the FWPD is "trying to force me to contract with them . . . there are saying I have to register my vehicle and get 'drivers licenses to drive the bill of rights say I have a right to travel freely." (Compl. at 1 (mistakes in original)). Additionally, Taylor alleges that the FWPD "kidnapped me broke into my home and stole 30 thousand dollars . . . and I had to pay a ransome to be free again I am not a property I am a living man that follows the peoples common law. . . ." (*Id.* at 1–2 (mistakes in original)). Further, Taylor alleges:

> I am indigidous to the americas they have no jurisdiction over me and I refuse to contract or do any business with this corporation they have intentionally targeted me have took thousands from me they have fraudulent warrants and bonds in my name they have committed security  fraud and warrant fraud ive been

---

[1] The Court notes that Plaintiff has filed an Amended Complaint in this case [doc. 10].

kidnapped assaultted and put against my will in their facilities against my will these are thugs who is basically acting as a gang to break into my homes and to take my vehicles and exercise a false jurisdiction over me.

(*Id.* (mistakes in original)).

Police departments of Texas municipalities named as defendants are commonly dismissed as non-jural entities—entities that do not enjoy a separate and distinct legal existence. *See, e.g., Humes v. Dallas Police Dep't*, No. 3:24-CV-638-E-BN, 2024 WL 1642538, at *2 (N.D. Tex. Apr. 1, 2024), *report and recommendation adopted*, No. 3:24-CV-638-E, 2024 WL 1641245 (N.D. Tex. Apr. 16, 2024) (citing *Combs v. City of Dall.*, 289 F. App'x 684, 686 (5th Cir. 2008) (per curiam) (affirming dismissal of "the DPD as a defendant because it is a servient political department that does not enjoy a separate and distinct legal existence from the City of Dallas," as the plaintiff failed to "show that the City of Dallas granted the DPD the capacity to sue or be sued as a separate and distinct entity" (citing *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991) ("[U]nless the true political entity has taken explicit steps to grant the servient agency with jural authority, the agency cannot engage in any litigation except in concert with the government itself.")))). In fact, it is well settled that FWPD does not have "jural existence," and is not "capable of being sued." *See, e.g., Brooks v. Fort Worth Police Dep't*, 4:22-CV- 671-P (N.D. Tex. Aug. 15, 2022). Consequently, Taylor cannot sue FWPD and, thus, has failed to state a claim upon which relief can be granted.

Moreover, even if the Court construed Taylor's allegation as being made against the City of Fort Worth, Taylor has not alleged a claim against the city. "A person may sue a municipality that violates his or her constitutional rights [only] 'under color of any statute, ordinance, regulation, custom, or usage.'" *Hutcheson v. Dall. Cnty.*, Tex., 994 F.3d 477, 482 (5th Cir. 2021) (quoting 42 U.S.C. § 1983; citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978)). A plaintiff

4

alleging a *Monell* claim "has two burdens: to [plausibly allege] (1) that a constitutional violation occurred and (2) that a municipal policy was the moving force behind the violation." *Sanchez v. Young Cnty., Tex.*, 956 F.3d 785, 791 (5th Cir. 2020) (citing *Monell*, 436 U.S. at 694). Accordingly, "[i]n municipal-liability cases," the threshold question "is whether the complained-of 'act may fairly be said to represent official policy.'" *Id.* at 792-93 (cleaned up; quoting *Monell*, 436 U.S. at 694); *see also Hutcheson*, 994 F.3d at 483 (rejecting the argument that a district court errs by dismissing a *Monell* claim without first analyzing the underlying constitutional violation).

In this case, Taylor does not plead that there is an official policy that was the moving force behind a constitutional violation. (*See generally* Compl.). At best, Taylor's allegations can be summarized as an assertion that FWPD cannot arrest or interact with him because Texas's laws do not apply to him. Thus, nowhere in Taylor's Original Complaint does he articulate a coherent legal claim capable of satisfying Rule 12(b)(6). *See* Fed. R. Civ. P. 12(b)(6). Because he appears *pro se*, Taylor's pleadings are entitled to more lenient scrutiny than pleadings drafted by lawyers. However, no amount of liberal construction could manufacture a coherent claim from within Taylor's Original Complaint, much less a viable legal claim. The rambling Original Complaint lacks an arguable basis in law because the facts alleged are "clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional." *Denton v. Hernandez*, 504 U.S. 25, 32—33 (1992) (internal citations and quotations omitted). As such, Taylor's claims are frivolous. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009). Accordingly, the Court finds and concludes that this case should dismissed with prejudice, *sua sponte*, for failure to state a claim on which relief can be granted. *See Carroll v. Fort James Corp.*, 470 F.3d 1171, 1176-77 (5th Cir. 2006) (holding courts may dismiss actions for failure to state a claim *sua sponte*) (citing *Shawnee Int'l, N.V. v. Hondo Drilling Co.*, 742 F.2d

234, 236 (5th Cir. 1984)). Accordingly, the Court **RECOMMENDS** that Taylor's claims against

FWPD be **DISMISSED**.

## RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** that this case be

**DISMISSED** *sua sponte* for failure to state a claim upon which relief can be granted.

### NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific

written objections in the United States District Court to the United States Magistrate Judge's

proposed findings, conclusions, and recommendation within fourteen (14) days after the party has

been served with a copy of this document. The United States District Judge need only make a de

novo determination of those portions of the United States Magistrate Judge's proposed findings,

conclusions, and recommendations to which specific objection is timely made. *See* 28 U.S.C.

§ 636(b)(1). Failure to file by the date stated above a specific written objection to a proposed

factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest

injustice, from attacking on appeal any such proposed factual findings and legal conclusions

accepted by the United States District Judge. *See Douglass v. United Services Auto Ass'n*, 79 F.3d

1415, 1428-29 (5th Cir. 1996) (en banc), modified by statute on other grounds, 28 U.S.C. §

636(b)(1) (extending the time to file objections to 14 days).

## ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **July 10,**

**2024,** to serve and file written objections to the United States Magistrate Judge's proposed

findings, conclusions and recommendation. It is further **ORDERED** that if objections are filed

and the opposing party chooses to file a response, the response shall be filed within seven (7) days

of the filing date of the objections.

SIGNED June 26, 2024.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE